UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William H. Reid, Jr., # 345611,<br>*aka William Henry Reid, Jr.*,<br><br>Plaintiff,<br><br>vs.<br><br>Cameron Grant Boggs, *Attorney The Boggs Law Firm*<br>*LLC*,<br><br>Defendant. | )<br>)<br>) C/A No. 6:13-2676-TMC-KFM<br>)<br>)<br>)<br>)<br>)<br>)**Report and Recommendation**<br>)<br>)<br>)<br>)<br>) |

## BACKGROUND OF THIS CASE

Plaintiff is an inmate at the Wateree River Correctional Institution of the South Carolina Department of Corrections. The South Carolina Department of Corrections website (http://public.doc.state.sc.us/scdc-public/, last visited on Oct. 3, 2013) indicates that Plaintiff is serving an eight-year sentence for a drug-related conviction entered in the Court of General Sessions for Spartanburg County in 2011. Defendant is a private attorney in Greenville, South Carolina.

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action arises out of a $20,000 fee paid by Plaintiff to Defendant. Plaintiff writes: *(1)* Plaintiff paid Defendant $20,000 to represent Plaintiff with respect to a state drug charge; *(2)* Plaintiff and Defendant did not see "EYE TO EYE[;]" *(3)* Defendant's retainer was $5,000, which was going to be added to the "whole Cost" of $20,000; *(4)* Plaintiff ended Defendant's representation in May of 2009; and *(5)* Plaintiff asked Defendant for "$10,000 Back, which He Said He would And Never Paid Me." (ECF No. 1

at 3 [irregular capitalization in original]). In his prayer for relief, Plaintiff seeks: *(1)* a court order asking Defendant to present a copy of his work product, so that "we" can see how much work was done; and *(2)* return of the "Rest of the Fee." (ECF No. 1 at 4).

**DISCUSSION**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

In order to state a cause of action under 42 U.S.C. § 1983 or under the *Bivens* doctrine, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law or federal law. *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999).

An attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (court-appointed attorney); and *Deas v. Potts*, 547 F.2d 800, 800

2

(4th Cir. 1976) (private attorney). As a private attorney whom Plaintiff retained, Defendant is entitled to summary dismissal because he has not acted under color of state law.

Breach of contract and legal malpractice are causes of action under South Carolina law. *See*, *e.g.*, *Epstein v. Brown*, 610 S.E.2d 816, 818–21 (2005); and *Brown v. Theos*, 550 S.E.2d 304, 306 (2001). A cause of action arising under state law would be cognizable in this court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat and Martin*, 804 F. Supp. 784, 788–91 (D.S.C. 1992), *aff'd*, *Cianbro Corp. v. Jeffcoat and Martin*, No. 92-2368, 10 F.3d 806 [Table], 1993 WL 478836 (4th Cir. Nov. 22, 1993). The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 (1978). The above-captioned case is not maintainable as a diversity action because both Plaintiff and Defendant are citizens of South Carolina.

## RECOMMENDATION

Accordingly, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the important Notice on the next page.

| | |
|---|---|
| October 9, 2013 | s/ Kevin F. McDonald |
| Greenville, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).