IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| William H. Reid, Jr., #345611, )<br>*Aka William Henry Reid, Jr.*, )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>Cameron Grant Boggs, *Attorney the Boggs* )<br>*Law Firm, LLC*, )<br> )<br>Defendant. )<br> ) | Civil Action No. 6:13-2676-TMC<br><br>**ORDER** |

The plaintiff, William H. Reid, Jr., ("Reid"), a state prisoner, brought this action against the defendant, Cameron Grant Boggs ("Boggs"), pursuant to 42 U.S.C. § 1983, alleging that Boggs owes Reid a partial refund of the retainer and fee Boggs charged for representing Reid in his criminal suit. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., all pretrial proceedings in this matter were referred to a magistrate judge. This matter is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the case without prejudice and without service of process. (ECF No. 11.) Specifically, the Report finds that Reid's allegations do not give rise to an actionable § 1983 claim nor any other basis for federal jurisdiction. Reid objects to the Report, asserting that his case belongs in federal court.[1] (ECF No. 13.)

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review

---

[1] Reid's objection, in its entirety, states: "Under the code of state law, a private attorney has the obligation to defend his client within his Constitutional Rights. In this case the diversity statute do not apply because the defendant deprived his client of his state and federal rights. The plaintiff should be granted relief in a federal court." (ECF No. 13.)

of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

The court has conducted a de novo review of Reid's complaint and agrees with the Report. As the Report explained, this case does not fall under § 1983 because Boggs, a private attorney whom Reid retained, was not acting under color of state law. In addition, the requirements of 28 U.S.C. § 1332 are not met because both parties are from South Carolina and no other federal question is present on the face of Reid's complaint.[2]

Therefore, the court adopts the Report and incorporates it herein, and this case is dismissed without prejudice and without service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Court Judge

October 31, 2013
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] The court makes no judgment on the merits of Reid's case, only that, in its current form, this court does not have jurisdiction to hear it.